Tukley, J.
delivered the opinion of the court.
This is an action for detinue, of two negroes, the value of which are specified in the writ and declaration. In the declaration the damages for the detention are laid at $500. In the verdict of the jury the value of the negroes is assessed at different and higher prices than that fixed by the declaration, and the damages for the detention are assessed at $585, being $85 more than the damages laid in the pleadings. And now two questions are made for the consideration of the court.
1st. It is said that a jury cannot in an action of detinue, find the value of the property sued for, greater than that which is affixed to it by the pleadings. To this we answer, that the action of deti-nue, being for the recovery of the specific thing sued for, does not sound in damages, and that, therefore, the value of the property detained, is not the thing recovered, but the thing itself. But in as much as a court of law has no power to enforce, under all circumstances, the delivery of the specific thing, it has been found necessary to have its value ascertained by the jury, so that money may be recovered in lieu thereof, if found necessary. And in as much as the object of the action is to get the thing, and not damages, the jury are warranted, in fixing its value, to give such amount, in reason, as will enforce its delivery. From this it follows, that the value of the thing at the time of the verdict, must be the medium by which the jury are to ascertain what amount of money is to be substituted in the place of the thing itself, provided it cannot be. had. If it has appreciated in value after the commencement of the suit, the appreciated value must be given by the jury; if depreciated, the depreciated value, and Avith such excess thereon as will, in their judgment, enforce the specific delivery, and this without regard to the value as laid in the pleadings. There is nothing in the authorities produced to the contrary, sustaining the position, assumed. They only prove that, in an action of detinue, the jury *61 must assess the value of the property sued for, which is unquestionably true — because that is the only certain means by which the judgment of the court can be enforced.
2nd. It is said, the amount claimed-for the detention of the ne-groes is strictly damages, and unliquidated, and as such the jury cannot in the assessment go beyond the amount laid in the declaration, and of this opinion is the court.
When the damages for the detention of a debt are fixed by law, in the shape of interest, and nothing more is given, the court incline to think, that they follow as a consequence the principal, and may be given to a greater amount than laid, but when they are not given by law, and are at the discretion of the jury, it feels bound by the weight of authority to say, that they cannot be assessed beyond the amount claimed. Chitty’s Plead. 130, 408.
The damages laid being $500, and the damages assessed being $585, the judgment of the court below must be reversed. But we are not left in the situation of a Court of Error in England, which as is correctly argued, cannot reduce the sum to the amount laid in the declaration, but may by our statute law, after having reversed the judgment of the inferior court, give such judgment as it ought, which would be for the amount claimed in the declaration, provided the plaintiff will release the surplus.
We therefore reverse the judgment of the Circuit court, and at the option of the counsel for defendants in error, remand the cause for further proceedings or give judgment for the negroes at the value assessed by the jury, and $500 damages for their detention.